1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Jo Stewart,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-00801-PHX-DLR<br><br>**ORDER** |

Plaintiff Darlene Stewart seeks judicial review of the Social Security Administration's decision to deny her application for disability insurance benefits. Stewart applied for benefits in October 2013, alleging that she became unable to work on May 31, 2013, because of the effects of various impairments, including fibromyalgia, depression, and anxiety. (AR 39.) Stewart argues that the Administrative Law Judge ("ALJ") failed to adequately account for the effects of her stress and anxiety. (Doc. 12.)

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court affirms.

1. The ALJ did not err by adopting the opinion of examining psychologist Dr.

Douglas Smyth. During the initial hearing on Stewart's disability insurance application, Stewart testified that she had anxiety and depression, which affected her concentration, memory, and mood. (AR 93-98.) Because the record lacked evidence of corroborating mental health treatment, the ALJ ordered a psychological examination. (*Id.* at 111-12.) Dr. Smyth evaluated Stewart in October 2016 and diagnosed her with somatic symptom disorder, unspecified anxiety disorder, and unspecified depressive disorder. (*Id.* at 609-15.) He opined that Stewart is mildly limited in understanding and remembering complex instructions, carrying out simple instructions, making judgments on complex work-related decisions, interacting appropriately with co-workers, and responding appropriately to usual work situations and changes in a routine work setting. (*Id.* at 606-608.) Dr. Smyth also opined that Stewart is moderately limited in her ability to interact with supervisors. (*Id.*) The ALJ adopted Dr. Smyth's opinions, finding Stewart mildly limited in her ability to understand, remember, and apply information; maintain concentration, persistence, and pace; and adapt and manage herself. (*Id.* at 44.) The ALJ also found Stewart moderately limited in her ability to get along with supervisors and accordingly limited her to only occasional interaction with supervisors. (*Id.* at 44-45.)

Stewart argues the ALJ erred by failing to acknowledge "the overall tone and implication" of Dr. Smyth's report, which (in Stewart's view) indicates that her anxiety is more limiting. (Doc. 12 at 6.) But if Dr. Smyth believed Stewart's anxiety more significantly impacted her ability to function, he could and should have stated so. The ALJ was not required to intuit some implied meaning and did not err by adopting the opinions Dr. Smyth actually gave. To the extent Stewart argues Dr. Smyth's report is ambiguous because of a perceived incongruity between his "tone" and his stated opinions, the ALJ is responsible for resolving such ambiguities and the Court must uphold the ALJ's interpretation where, as here, it is a rational one. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

2. The ALJ provided the requisite clear and convincing reasons, supported by substantial evidence, for discounting Stewart's testimony concerning the severity of her

anxiety. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

For example, the ALJ reasonably determined that Stewart's testimony was inconsistent with other evidence in the record. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2007). Stewart testified that her anxiety adversely affected her memory and concentration, but she raised this complaint with medical providers only once, and mental status examinations with her primary care physician repeatedly indicated normal orientation, attention span, and concentration. (AR 49, 354, 475, 483, 486.) Stewart claimed that she could not go anywhere without the assistance of her husband and that her husband helps her bathe, but she indicated to Dr. Smyth that she at least occasionally lives apart from her husband and that she could bathe independently. (*Id.* at 272, 274, 612.) Stewart also reported that she could not wash dishes or load a dishwasher, but her husband stated that Stewart could perform these tasks. (*Id.* at 294, 612.) The ALJ reasonably determined that these contradictions raised doubts about the overall reliability of Stewart's testimony. *Orn*, 495 F.3d at 636 (noting that, when determining what weight to give a claimant's testimony, the ALJ may consider factors such as "inconsistencies in testimony or between testimony and conduct").

The ALJ also reasonably determined that Stewart's ability to work notwithstanding her anxiety undermined her allegations of disabling symptoms. *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) (finding that claimant's back problems did not render her disabled because her condition "had remained constant for a number of years" yet "had not prevented her from working over that time"). Stewart alleged that she has experienced stress and anxiety since 2000, yet she was able to perform substantial gainful activity until 2013 and there is no evidence that her anxiety worsened over time. (AR 68-69, 249, 270.)

3. Because the ALJ accounted for the symptoms of Stewart's anxiety that were adequately supported by the record, there is no basis to remand for a reassessment of Stewart's residual functional capacity.

//

//

**IT IS ORDERED** that the final decision of the Social Security Administration is **AFFIRMED**. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 24th day of September, 2019.

Douglas L. Rayes
United States District Judge